**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

PABLO E. PANZARASA,

Plaintiffs,

vs.

FOOD TRES MIAMI, LLC, a Florida limited liability company; GUILLERMO D'AGUANNO, an individual, and FABIO NAPOLI, an individual,

Defendants.

______________________________________/

# COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiff, Pablo E. Panzarasa ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendants, Food Tres Miami, LLC, Guillermo D'Aguanno, and Fabio Napoli (collectively, "Defendants"), and states:

## Nature of the Action

1. This is an action for (i) trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114(1); and (ii) false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff seeks injunctive relief, compensatory damages, disgorgement of Defendants' profits, attorneys' fees and costs, and all other remedies available under the Lanham Act. Plaintiff further seeks to hold the individual Defendants, Guillermo D'Aguanno and Fabio Napoli, personally, jointly, and severally liable with the corporate Defendant for their direct participation in and control over the infringing conduct.

**Jurisdiction and Venue**

2. This Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1331, because the causes of action arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and pursuant to 28 U.S.C. § 1338(a), which grants original jurisdiction over civil actions arising under any Act of Congress relating to trademarks.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this district, including Defendants' operation of a restaurant and bar using the infringing NEGRONI mark at 3201 Buena Vista Boulevard, Suite 116, Miami, Florida 33127.

4. This Court has personal jurisdiction over Defendant Food Tres Miami, LLC pursuant to Fla. Stat. § 48.193(2), because it operates a business within this state and has committed tortious acts within this state, causing injury to Plaintiff within this state. The causes of action arise from Food Tres Miami, LLC's activities within this district, including its operation of a restaurant and bar using the NEGRONI mark at 3201 Buena Vista Boulevard, Suite 116, Miami, Florida 33127.

5. This Court has personal jurisdiction over Defendants Guillermo D'Aguanno and Fabio Napoli pursuant to Fla. Stat. § 48.193(2), because they have committed tortious acts within this state by authorizing, directing, controlling, participating in, and/or knowingly permitting the infringing use of the NEGRONI mark within this district, causing injury to Plaintiff within this state.

6. Defendant Guillermo D'Aguanno also resides within this District.

7. Defendant Fabio Napoli also resides within this District.

**The Parties**

8. Plaintiff, Pablo E. Panzarasa ("Plaintiff" or "Panzarasa"), is an individual and a citizen of the Country of Argentina. Panzarasa is the current owner of all right, title, and interest in the NEGRONI trademark, U.S. Registration No. 5,202,026.

9. Defendant, Food Tres Miami, LLC ("Food Tres Miami"), is a limited liability company organized under the laws of Florida, with its principal place of business at 3201 Buena Vista Boulevard, Suite 116, Miami, Florida 33127. Food Tres Miami operates a restaurant and bar at that address using the NEGRONI trademark without authorization from Plaintiff.

10. Defendant, Guillermo D'Aguanno ("D'Aguanno"), is an individual and a citizen of the State of Florida and is a Manager of Food Tres Miami, LLC, and authorized, directed, controlled, participated in, and/or knowingly permitted the infringing use of the NEGRONI trademark described herein.

11. Defendant, Fabio Napoli ("Napoli"), is an individual and a citizen of the State of Florida and is a Manager of Food Tres Miami, LLC, and directed, controlled, participated in, and/or knowingly permitted the infringing use of the NEGRONI trademark described herein.

12. At all times material hereto, D'Aguanno and Napoli, as Managers of Food Tres Miami, LLC, were the moving, active, conscious force behind Food Tres Miami's infringing conduct, had the right and ability to control the infringing activity, and derived a direct financial benefit from it.

**General Factual Allegations**

***The NEGRONI Trademark***

13. On October 2, 2016, Pablo Maximiliano Sartori ("Sartori") applied to register the trademark NEGRONI with the U.S. Patent & Trademark Office ("USPTO"), in class 043 in

connection with bar services, cafeterias, pubs, restaurants, serving food and drinks and Pizza parlors.

14. The NEGRONI trademark registered as U.S. Registration No. 5,202,026, on May 9, 2017 and remains valid and enforceable. A copy of the certificate of registration is attached as **Exhibit A**.

15. On or about June 5, 2026, Panzarasa acquired from Sartori all of Sartori's right, title, and interest in the NEGRONI trademark, including U.S. Registration No. 5,202,026, and all goodwill associated therewith. The assignment was recorded with the U.S. Patent & Trademark Office on June 11, 2026. A copy of the confirmation of the recording of the assignment is attached as **Exhibit B**.

16. Panzarasa is the current owner of record of all right, title, and interest in the NEGRONI trademark, including the federal registration of the trademark (the "NEGRONI Mark").

17. The NEGRONI Mark is valid, subsisting, and enforceable, and constitutes prima facie evidence of Plaintiff's exclusive right to use the NEGRONI mark in commerce in connection with the services identified in the registration.

***Defendants' Infringing Conduct***

18. Defendant Food Tres Miami, LLC operates a restaurant and/or bar located at 3201 Buena Vista Boulevard, Suite 116, Miami, Florida 33127, using the identical NEGRONI trademark for the identical restaurant, bar, food, and beverage services covered by Plaintiff's federal registration, without any license, consent, or other authorization from Plaintiff.

19. Since early June, 2026, Defendants Guillermo D'Aguanno and Fabio Napoli, as Managers of Food Tres Miami, LLC, have been on notice that Defendants were no longer permitted to use the NEGRONI Mark in connection with restaurant, bar, food, and beverage

services, because Panzarasa had communicated that to Defendants upon becoming the trademark owner.

20. Defendants Guillermo D'Aguanno and Fabio Napoli, as Managers of Food Tres Miami, LLC, authorized, directed, controlled, participated in, and/or knowingly permitted the unauthorized use of the NEGRONI mark. D'Aguanno and Napoli had the right and ability to supervise and control the infringing activity and derived a direct financial benefit from the infringing use.

21. Recently, Defendants opened a new Instagram account for the Midtown located restaurant using the NEGRONI trademark, again without authorization:



22. Defendants' use of the NEGRONI mark in connection with restaurant, bar, food, and beverage services is identical to the mark and services covered by Plaintiff's U.S. Registration No. 5,202,026, and is likely to cause confusion, to cause mistake, and to deceive consumers as to the source, sponsorship, affiliation, authorization, or approval of Defendants' services.

23. Defendants' use of the NEGRONI mark was without authorization and constitutes willful infringement, as Defendants continue to use a mark that is identical to Plaintiff's federally registered mark for identical services.

***Cease-and-Desist Demand***

24. On July 7, 2026, Plaintiff's counsel sent Defendants a cease-and-desist letter demanding that Food Tres Miami, LLC, D'Aguanno, and Napoli immediately cease all use of the NEGRONI mark on signage, menus, websites, domain names, social media, advertising, and all promotional and point-of-sale materials, and demanding written confirmation of compliance by July 10, 2026. A copy of the cease and desist letter is attached as **Exhibit C**.

25. The cease-and-desist letter expressly informed Defendants that their conduct constitutes (i) willful trademark infringement under 15 U.S.C. § 1114(1); and (ii) false designation of origin and unfair competition under 15 U.S.C. § 1125(a); and that such conduct exposes both Food Tres Miami, LLC and those individuals who authorize, direct, control, participate in, or knowingly permit the infringing use to injunctive relief, damages sustained by the Plaintiff, disgorgement of profits, attorneys' fees, costs, and all other remedies under 15 U.S.C. § 1117.

26. Defendants did not comply with the terms of the cease-and-desist letter by the July 10, 2026 deadline set forth therein , or at any time thereafter. Defendants have continued, and continue as of the filing of this Complaint to use the NEGRONI trademark in connection with the

operation, promotion, advertising, marketing, and identification of the restaurant located at 3201 Buena Vista Boulevard, Suite 116, Miami, Florida 33127, without Plaintiff's authorization.

***Irreparable Harm***

27. Defendants' unauthorized use of the NEGRONI mark has caused, and continues to cause, irreparable injury to Plaintiff's reputation and to the goodwill associated with the NEGRONI Mark, by depriving Plaintiff of control over the quality and nature of the services offered under his mark.

28. Plaintiff's injuries from Defendants' infringing conduct cannot be fully remedied through an award of monetary damages alone, and Plaintiff will continue to suffer irreparable harm unless and until Defendants' infringing conduct is enjoined by this Court.

29. All conditions precedent to initiating this lawsuit have been performed or have occurred.

**COUNT I**
**TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114(1))**

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 hereof as if set forth herein in full.

31. Plaintiff is the owner of the NEGRONI Mark, U.S. Registration No. 5,202,026, covering bar services; cafeterias; pubs; restaurants; serving food and drinks; and pizza parlors.

32. Defendants have used and continue to use the identical mark, NEGRONI, in connection with the identical restaurant, bar, food, and beverage services covered by Plaintiff's federal registration, without the consent of Plaintiff, in violation of 15 U.S.C. § 1114(1).

33. Defendants' use of the NEGRONI mark is likely to cause confusion, to cause mistake, and to deceive consumers as to the source, sponsorship, affiliation, authorization, or approval of Defendants' services.

34. Defendants' infringement is willful and intentional, as Defendants adopted and used a mark that is identical to Plaintiff's federally registered mark for identical services, and continued to do so after receiving actual notice of Plaintiff's rights through the July 7, 2026 cease-and-desist letter.

35. Defendants Guillermo D'Aguanno and Fabio Napoli are personally, jointly, and severally liable with Food Tres Miami, LLC for the trademark infringement set forth in this Count. Under 15 U.S.C. § 1114(1), liability extends to "any person" who uses a registered mark without consent, which includes individuals and is not limited to corporate entities.

36. D'Aguanno and Napoli, as Managers of Food Tres Miami, LLC, were the "moving, active, conscious force" behind the infringing conduct. They personally authorized, directed, controlled, participated in, and/or knowingly permitted the infringing use of the NEGRONI mark, and had the right and ability to control the infringing activity and derived a direct financial benefit from it.

37. As a direct and proximate result of Defendants' misconduct, Plaintiff has been and will continue to be irreparably harmed, injured, and damaged, and such harm will continue until and unless enjoined by this Court.

38. Defendants are causing injury to Plaintiff's reputation and the goodwill of the NEGRONI Mark which cannot be remedied solely through an award of damages.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION IN VIOLATION OF SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 hereof as if set forth herein in full.

40. Defendants have used in commerce the NEGRONI designation in connection with restaurant, bar, food, and beverage services, which use is likely to cause confusion, to cause mistake, and to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' services by Plaintiff.

41. Defendants' use of the NEGRONI mark constitutes a false designation of origin, false or misleading description of fact, and false or misleading representation of fact, in violation of 15 U.S.C. § 1125(a).

42. Defendants' unauthorized use of the NEGRONI mark in connection with identical services is likely to cause consumer confusion as to the source, sponsorship, affiliation, authorization, or approval of Defendants' services by Plaintiff.

43. Defendants Guillermo D'Aguanno and Fabio Napoli are personally, jointly, and severally liable with Food Tres Miami, LLC for the false designation of origin and unfair competition set forth in this Count. As Managers of Food Tres Miami, LLC, D'Aguanno and Napoli were the "moving, active, conscious force" behind the infringing conduct.

44. Defendants Guillermo D'Aguanno and Fabio Napoli personally authorized, directed, controlled, participated in, and/or knowingly permitted the infringing use of the NEGRONI mark, and had the right and ability to control the infringing activity and derived a direct financial benefit from it.

45. As a direct and proximate result of Defendants' misconduct, Plaintiff has been and will continue to be irreparably harmed, injured, and damaged, and such harm will continue until and unless enjoined by this Court.

46. Defendants are causing injury to Plaintiff's reputation and the goodwill of the NEGRONI Mark which cannot be remedied solely through an award of damages.

**COUNT III**
**UNFAIR COMPETITION UNDER FLORIDA COMMON LAW**

47. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29 hereof as if set forth herein in full.

48. This claim arises under the common law of this State relating to unfair competition.

49. As more fully set forth above, Defendants' continued and unauthorized use of the identical NEGRONI mark is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff or that Defendants are in some way affiliated with or sponsored by Plaintiff or in the alternative, that Plaintiff's services are sold, authorized, endorsed, or sponsored by Defendants or that Plaintiff is in some way affiliated with or sponsored by Defendants.

50. Plaintiff's NEGRONI Mark has become and is now inherently distinctive and to the extent it is not, long ago acquired secondary meaning in the minds of the relevant purchasing public.

51. Defendants have intentionally misappropriated Plaintiff's NEGRONI Mark and the goodwill associated therewith by using this mark with the intent of causing confusion, mistake, and deception as to the source of origin, relationship, sponsorship, or association of Defendants' services, and with the intent to palm off its services as that of Plaintiff, and, as such, Defendants have engaged in unfair competition under the common law.

52. Defendants' unauthorized use of the NEGRONI Mark has caused and, unless enjoined, will continue to cause irreparable harm and damage to Plaintiff and his business,

reputation and goodwill and has caused Plaintiff to suffer monetary damages in an amount not thus far determined.

53. Defendants' conduct in intentionally misappropriating Plaintiff's goodwill and engaging in unfair competition was intended to wrongfully enrich Defendants and to deliberately and willfully injure Plaintiff in wanton disregard of his rights and Defendants' legal obligations. Plaintiff is therefore entitled to an award of punitive damages under §768.72**.**

54. Unless restrained and enjoined, Defendants' acts of infringement and unfair competition will cause irreparable harm and damage Plaintiff for which there is no adequate remedy at law.

## RELIEF SOUGHT

**WHEREFORE**, Plaintiff, Pablo E. Panzarasa, respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, for:

(A) A preliminary injunction, restraining and enjoining Defendants, their agents, servants, employees, successors, assigns, and all persons in active concert or participation with them, from using the NEGRONI mark or any mark confusingly similar thereto in connection with restaurant, bar, food, or beverage services, or any related goods or services;

(B) A permanent injunction upon final judgment, permanently restraining and enjoining Defendants from any further use of the NEGRONI mark or any mark confusingly similar thereto;

(C) Damages sustained by the Plaintiff;

(D) Disgorgement of Defendants' profits attributable to their infringing use of the NEGRONI mark, pursuant to 15 U.S.C. § 1117(a);

(E) A finding that Defendants' conduct meets the statutory requirements of Florida Statute §768.72 and awarding Plaintiff punitive damages;

(F) A finding that this case is exceptional and an award of Plaintiff's reasonable attorneys' fees and costs of this action;

(G) Pre-judgment and post-judgment interest at the maximum rate permitted by law;

(H) Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: July 23, 2026

Respectfully submitted,

By: /s/ William R. Trueba, Jr.
William R. Trueba, Jr., Esq.
Florida Bar No. 117544
wtrueba@avilalaw.com
Darlene Barron, Esq.
Florida Bar No. 108873
dbarron@avilalaw.com
**AVILA RODRIGUEZ HERNANDEZ MENA & GARRO LLP**
2525 Ponce de Leon Boulevard, Suite 1225
Coral Gables, Florida 33134
Telephone: (305) 779-3560
***Attorneys for Plaintiff Pablo E. Panzarasa***